# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID LEE SESSIONS,**

                    **Plaintiff,**

**-vs-**                                    **Case No.  6:10-cv-1568-Orl-28GJK**

**ATLANTIC RECORDING CORPORATION,**
**SLIP-N-SLIDE RECORDS, INC.,**

                    **Defendants.**
_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral arguments on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT SLIP-N-SLIDE RECORDS, INC. AND ATLANTIC RECORDING CORPORATION'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF FLORIDA** (Doc. No. 29) |
| **FILED:** | **April 25, 2011** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED and the case be transferred to the Southern District of Florida.** |

On October 21, 2010, David Lee Sessions ("Sessions") filed a complaint (the "Complaint") against Atlantic Recording Corporation ("Atlantic"), Slip-N-Slide Records, Inc. ("Slip-N-Slide"), Big Gates Records, LLC, and Algernod Lanier Washington (also known as

"Plies"), alleging copyright infringement.   Doc. No. 1.[1]   Sessions, a songwriter, rapper, and music producer, is a resident of the Middle District of Florida.   Doc. No. 1 at 2.   Atlantic is a record producer that "distributes music throughout the whole United States and engages in interstate commerce throughout the whole United States."   Doc. No. 1 at 2.   Atlantic is incorporated in Delaware and maintains its principal place of business in New York.   Doc. Nos. 1 at 2; 29 at 5.   Slip-N-Slide is a record producer and distributor whose principal place of business is in Miami, Florida.   Doc. No. 1 at 2.   It is undisputed that venue is proper in the Middle District of Florida.   Doc. Nos. 1 at ¶ 2; 7 at ¶ 1.

## I.   **BACKGROUND.**

In short, the Complaint alleges that Sessions, beginning in 2009, in Sanford, Florida, began production of his first album.   Doc. No. 1 at 3-4 ¶¶ 13-14.   During that time, Sessions met a fellow rapper and promoter, Cornelius M. Davis ("Davis").   Doc. No. 1 at 3-4 ¶¶ 13-14.   Davis promoted music for other artists, including Plies.   Doc. No. 1 at 3-4 ¶¶ 15-17.   At Davis's request, Sessions recorded his songs under Davis's label, Behind Bars Records.   *Id*. at 4.   On or about May 21, 2009, Sessions filed an application for Copyright Registration of the songs he wrote for the album, including: 1) *Where U From*; 2) *See Me*; 3) *Run em*; 4) *Daddy*; 5) *Repo yo Hood*; 6) *Crab*; 7) *Cell*; 8) *My Medicine*; and 9) *Tongue out*.   *Id*. at 5.   In the Complaint, Sessions alleges that Plies, Atlantic, and Slip-N-Slide had access to Sessions' songs via Davis.   *Id*.   Sessions contends that Plies willfully copied Sessions songs, including *My Medicine*, *Cell*, and another song entitled *Trap*.   Doc. No. 1 at 6-14.   Sessions further alleges that Atlantic and Slip-N-Slide, Plies distributors, knowingly distributed the copied music.   Doc. No. 1 at 6-14.

---

[1] On April 8, 2011, Plies and Big Gates Records, LLC were dismissed as party defendants because Sessions failed to serve them within the 120 day period provided by Rule 4(m), Federal Rules of Civil Procedure.   Doc. No. 25.

On April 25, 2011, Slip-N-Slide and Atlantic (collectively, the "Defendants") filed a Motion to Transfer Venue to the Southern District of Florida (the "Motion"). Doc. No. 29. Pursuant to 28 U.S.C. § 1404(a), Defendants request that the case be transferred to the United States District Court for the Southern District of Florida for reasons of convenience and fairness. Doc. No. 29 at 3. Defendants state that the case could have been instituted in the Southern District of Florida because federal copyright infringement claims may be instituted in the district in which the defendant resides, and Slip-N-Slide has its principal and only place of business in Miami, Florida, while Atlantic is subject to personal jurisdiction in the Southern District of Florida. Doc. No. 29 at 5 (citing 28 U.S.C. § 1400(a); *Editorial Musical Latino Americana v. MAR Int'l Records, Inc.*, 829 F.Supp. 62, 66 (S.D. N.Y. 1993)).

Defendants maintain that balance of convenience and fairness factors weigh in favor of Defendants because: 1) Slip-N-Slide has identified 19 "indispensable and material [fact] witnesses," excluding Sessions, who are located in the Southern District of Florida (Doc. No. 29 at 5-7); 2) Defendants' expert witnesses are located in Miami, Florida (Doc. No. 29 at 7); 3) all of Slip-N-Slide's documents related to the creation and distribution of Plies songs, and all of Slip-N-Slide's documents related to damages and defenses are located in the Southern District of Florida (Doc. No. 29 at 7);[2] 4) wherever the case is tried, it will inconvenience some of the parties because Sessions is located in Orlando, Slip-N-Slide is located in Miami, and Atlantic is located in New York (Doc. No. 29 at 7); 5) the locus of operative facts, where the acts of infringement allegedly occurred, is outside the Middle District of Florida (Doc. No. 29 at 8);[3] 6)

---

[2] Atlantic acknowledges that its documents are located in New York City. Doc. No. 29 at 7.
[3] Defendants state:

all of Slip-N-Slide's 19 material fact witnesses are subject to process in the Southern District of Florida and all reside more than 100 miles from the Orlando Division of the Middle District of Florida (Doc. No. 29 at 9);[4] 7) it will be an economic burden on Slip-N-Slide, who is obligated to defend this action on behalf of Atlantic, to litigate this matter in Orlando (Doc. No. 29 at 9); and 8) the Southern District of Florida is equally familiar with federal copyright infringement law (Doc. No. 29 at 10).  Slip-N-Slide attaches the declaration of its President and owner, Ted Lucas, in support of the Motion.  Doc. No. 30.  In the declaration, Mr. Lucas identifies each witness Slip-N-Slide will likely call, where they reside, and the subject matter of their respective testimony.  Doc. No. 30 at 2-3.  Mr. Lucas states that none of the potential witnesses are located in Orlando, and Slip-N-Slide cannot compel most of those witnesses to appear in Orlando.  Doc. No. 30 at 3.  Mr. Lucas further states that Slip-N-Slide does "not sell or market any of the allegedly infringing recordings in the Middle District of Florida," and the "records related to this case are located in Miami."  Doc. No. 30 at 4.   Thus, Defendants request that the Court grant the Motion and enter an order transferring this case to the Southern District of Florida.  Doc. Nos. 29-30.

On May 8, 2011, Sessions filed a response (the "Response") to the Motion.  Doc. No. 31. Sessions states that the Court must determine that the balance of conveniences strongly favors Defendants before transferring the case to the Southern District of Florida. Doc. No. 31 at 2.  In

---

> Although [Sessions] does not specifically allege where the purported copying took place, Plies' Songs were recorded, mixed or mastered in Miami, Atlanta and Los Angeles.  All acts regarding the packaging of Plies' Album, assembling of documents and distribution occurred in Miami (by Slip-N-Slide) and New York (by Atlantic).  All acts regarding accounting occurred in Miami.  No act occurred in the Middle District of Florida.

Doc. No. 29 at 8.

[4] Atlantic states that it "will only present a witness on the issue of profits and that witness resides in New York City."  Doc. No. 29 at 9.

weighing the convenience factors, Sessions asserts that the Court must give Sessions' choice of forum considerable weight. *Id*. at 2.  Sessions characterizes Defendants' Motion as essentially arguing that they should be immune from suit except for where they are headquartered.  *Id*. at 2-3.  Sessions does not dispute that the case could have been brought in the Southern District of Florida and the locus of operative facts, and the majority of the witnesses and documents related thereto, are located in the Southern District of Florida.  Doc. No. 31.  However, Sessions maintains that transferring the case to the Southern District of Florida would tremendously inconvenience him because: 1) Sessions counsel is not admitted to the Southern District of Florida, and counsel "would not be able to continue the case if the case were transferred, forcing [Sessions] to dismiss the case or seek new counsel"; 2) Plaintiff cannot afford new counsel; 3) Defendants have not demonstrated how the short distance between the Southern and Middle Districts of Florida would create an undue burden in producing documents and witnesses; and 4) "[t]here [sic] mere allegation that the documents lie in south Florida does not mean that access to those documents will be difficult to present in the Middle [D]istrict of Florida; and Defendants' [sic] have not shown what costs there is of their witnesses testifying in Orlando as oppose to South Florida."  Doc. No. 31 at 3-4.  Sessions also raises an argument that "Defendants' underlying central argument for transferring venue to the [S]outhern District of Florida is that venue was improper in the first place." Doc. No. 31 at 1 ¶ 1. Thus, Session requests that the Court deny the Motion.  Doc. No. 31 at 4.[5]

---

[5] Without seeking leave of Court as required by Local Rule 3.01(c), Defendants filed a reply to the Response.  Doc. No. 32. Because the reply is not properly before the Court, it has not been considered in this report and recommendation.

II.   <u>**ANALYSIS.**</u>

Venue for civil actions arising under any act relating to copyrights is governed by 28 U.S.C. § 1400(a), which provides that an action "may be instituted in the district in which the defendant or his agent resides or may be found." *Id.*   If venue is proper where the action is filed, as is the case here, the Court has the discretion to transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

In the Response, Sessions asserts that Defendants' central argument is that venue is improper.  Doc. No. 31 at 1 ¶ 1.  To the contrary, Defendants are moving to transfer venue pursuant to 28 U.S.C. 1404(a) for the convenience of the parties and witnesses and, not because venue is improper.  Doc. No. 29.  In the answer, the Defendants admit that venue is proper in the Middle District of Florida.  Doc. No. 7 at ¶ 1. Thus, Sessions' argument on this issue is without merit.

The party requesting a change of venue for convenience bears the burden of making a clear showing that the case should be transferred.  *Factors Etc., Inc., v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978).  A threshold consideration is whether the action "might have been brought" in transferee district court.  *See Continental Grain v. THE Barge FBL-585*, 364 U.S. 19 (1960).  In this case, it is undisputed that the case might have been brought in the Southern District of Florida.

Once the threshold consideration is resolved, the Eleventh Circuit has provided a list of nine factors that are relevant to determining whether the matter should be transferred:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir.2005) (citation omitted). "[T]he convenience of party and non-party witnesses is generally considered the most important factor in a motion to transfer venue." *Capitol Record, Inc. v. Kuang DYI Co. of RM*, 2004 WL 405961 at *3 (S.D. N.Y. Mar. 4, 2004). However, "[t]he plaintiff's choice of forum is accorded great weight [in copyright cases] and must be deferred to unless the balance of conveniences strongly favors defendants." *Editorial Musical Latino Americana, Mar International Records, Inc.*, 829 F.Supp. 62, 66 (S.D. N.Y. 1993).

As to the first factor, the convenience of the witnesses strongly favors the Defendants. In order to meet its burden as to this factor, a party "must specifically list the evidence and witnesses on which the party intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony." *Editorial*, 829 F.Supp. at 66-67. Defendants have listed, in the Motion and by affidavit, the 19 potential witnesses who reside in Miami and a general statement of the subject matter of each witness' testimony. Doc. Nos. 29 at 5-7; 30 at 2-3. Sessions generally states that Defendants have not shown how compelling those witnesses to

travel to Orlando will be an undue burden, but Sessions fails to identify any witness, other than Sessions himself, who is located in the Middle District of Florida.  Doc. No. 31 at 4.

The second factor also weighs in favor of the Defendants.  The alleged acts of infringement occurred in Miami and it appears that the majority of the documents relating to the creation and distribution of the songs at issue are located in the Southern District of Florida. Doc. Nos. 29 at 7; 30 at ¶ 14.  Sessions does not dispute that a majority of the documents related to the alleged acts of infringement are located in the Southern District of Florida, but Sessions simply argues that Defendants have failed to demonstrate how it would be an undue burden for Defendants to produce those documents in the Middle District of Florida.  Doc. No. 31 at 4. Moreover, Sessions fails to allege that any documents related to this case are located in the Middle District of Florida.  Doc. No. 31

The third factor weighs in favor of the Defendants because they have identified, through affidavit, that a majority of the documents and witnesses are located in the Southern District of Florida.  Doc. No. 30 at 4.  Sessions, through argument alone, has identified only one witness, himself, and no documents that are located in the Middle District of Florida.  Thus, the relative convenience of the parties weighs in favor of the Defendants.

The fourth factor weighs in favor of the Defendants because the locus of operative facts is in Miami, where Plies' allegedly infringing songs were written, produced, and distributed, and in New York where they were also distributed.  Doc. Nos. 29 at 8; 30 at 4.  Moreover, Sessions does not allege that the locus of operative facts is in Orlando.  Doc. No. 31.

The fifth factor weighs in favor of the Defendants based upon the 19 potential witnesses who reside in the Southern District of Florida.  Doc. No. 30 at 2-3.[6]

The sixth factor, the relative means of the parties, weighs in favor of the Defendants.  The Defendants have provided an affidavit stating that litigating this matter in the Middle District of Florida will be a great expense and cause an undue burden on Defendants.  Doc. No. 30 at 3-4 ("Since the witnesses and records related to this case are located in Miami, a trial in Orlando would be unduly burdensome for . . . Slip-N-Slide which would have to shut down its entire business operations because all of their employees would have to testify and be present in Orlando.").  "On balance, transferring venue to the Southern District of Florida would afford the material witnesses to this action a much greater degree of convenience than Orlando."  Doc. No. 30 at 4.  Sessions, on the other hand, by argument alone, states that Sessions would not be able to pursue prosecution of this matter if the case was transferred because: 1) his counsel is not admitted to practice before the Southern District of Florida; and 2) Sessions cannot afford to hire new counsel.  Doc. No. 31 at 3.  After balancing the Defendants' affidavit and the bare arguments of Sessions, the Court finds that given the record in this case the sixth factor weighs in favor of Defendants.  Sessions is reminded that as in the Middle District of Florida, counsel may, in appropriate circumstances, be admitted to practice *pro hac vice* in the Southern District of Florida.

---

[6] Mr. Lucas's affidavit states, without citation to any legal authority, that Slip-N-Slide cannot compel "most" of the witnesses to appear in Orlando.  Doc. No. 30 at 3.  However, the District Courts have state-wide subpoena power. *See* Rule 45(b)(2)(C), Federal Rules of Civil Procedure.

The seventh and ninth factors are not relevant because this is a simple copyright infringement action and "the courts of either forum are presumed to be equally familiar with the governing law." *Capitol Records, Inc.*, 2004 WL 405961 at *4.

The eighth factor strongly favors Sessions, but, as set forth above, the balance of the factors overwhelmingly favors transfer of the case to the Southern District of Florida.

## III.   **CONCLUSION**.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1.   **GRANT** the Motion (Doc. No. 29);

2.   **TRANSFER** the case, along with any pending motions, to the Southern District of Florida; and

3.   Direct the Clerk to close the case.

 Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

   **RECOMMENDED** in Orlando, Florida, on August 11, 2011.


Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE